851 A.2d 633

MICHAEL AVERSANO, INDIVIDUALLY, AND AS ADMINISTRA-TOR AD PROSEQUENDUM OF THE ESTATE OF ANDREW JO-SEPH AVERSANO, DECEASED AND ERIC AVERSANO, PLAINTIFFS–RESPONDENTS, v. PALISADES INTERSTATE PARKWAY COMMISSION, A PUBLIC ENTITY AND PALI-SADES INTERSTATE PARKWAY POLICE, A PUBLIC ENTITY, DEFENDANTS–APPELLANTS, AND JOHN DOES 1–10, FICTI-TIOUS ENTITIES AND JANE ROES, 1–10 FICTITIOUS ENTI-TIES, DEFENDANTS.

Argued April 26, 2004—Decided July 8, 2004.

*Karen L. Jordan,* Deputy Attorney General, argued the cause for appellants (*Peter C. Harvey,* Attorney General of New Jersey, attorney; *Patrick DeAlmeida,* Deputy Attorney General, of counsel).

*Richard A. Ulsamer,* argued the cause for respondents (*Tompkins, McGuire, Wachenfeld & Barry,* attorneys; *Joseph K. Cobuzio,* of counsel).

PER CURIAM.

This appeal comes to us as of right on the basis of a dissent in the Appellate Division. *R.* 2:2–1(a)(2). We affirm that court's judgment substantially for the reasons set forth in the majority opinion, *see Aversano v. Palisades Interstate Parkway Comm'n,* 363 *N.J.Super.* 266, 832 *A.2d* 914 (App.Div.2003), subject to the modification and limitations described below.

The case arises out of the death of Andrew Aversano who fell backwards off a three-hundred foot cliff while sunbathing at Palisades Interstate Park. *Id.* at 268, 832 *A.2d* at 915. Assuming that Aversano "could not have survived the fall[,] ... [police officers associated with the Palisades Interstate Parkway] undertook a 'recovery' operation, rather than a rescue operation." *Ibid.* "When the police finally reached [Aversano], approximately three hours after his fall, they found that he was still breathing, had a pulse, and was moaning, but apparently was not conscious." *Ibid.*

At that juncture the officers called a local rescue squad. *Ibid.* Aversano was pronounced dead about two hours later. *Id.* at 269, 832 *A.*2d at 916.

Basically on those facts, the trial court concluded that defendants were immune from liability under the Tort Claims Act (the TCA), specifically *N.J.S.A.* 59:4–8, which pertains to injuries caused by conditions of unimproved public property. The trial court also ruled that defendants were immune under the Landowner's Liability Act, *N.J.S.A.* 2A:42A–3 (the LLA).

With one member dissenting in respect of the TCA, the Appellate Division reversed the trial court's decision regarding both the TCA and LLA. *Aversano, supra,* 363 *N.J.Super.* at 285–87, 832 *A.*2d at 926–28. Concerning the TCA, the panel's majority held that unimproved-property immunity did not eliminate exposure to liability for the reduction in Aversano's chances of survival that might have been caused by defendants' alleged negligence in undertaking a proper rescue. *Id.* at 285, 832 *A.*2d at 926. The panel concluded that any immunity created by the LLA similarly was limited. *Id.* at 287, 832 *A.*2d at 927. Because the dissenter would have granted immunity under the TCA, she found it "unnecessary to address at length whether [defendants] are also immune under the [LLA]." *Id.* at 291, 832 *A.*2d at 930 (Wefing, J.A.D., dissenting).

■ Our affirmance of the Appellate Division's judgment extends solely to the question regarding the reach and effect of unimproved-property immunity under *N.J.S.A.* 59:4–8. The panel framed the issue this way: "The question that presents itself is whether [such] immunity applies if the cliff's dangerous natural condition was not the sole cause of [Aversano's] death, and the same public entity's acts or omissions contributed substantially to reducing [Aversano's] chances of survival." *Id.* at 275, 832 *A.*2d at 920. We agree with the Appellate Division, essentially for the reasons expressed in its majority opinion, that the answer to that narrow question is no.

Our disposition, however, does not foreclose an analysis of a police officer's purported duty in these circumstances as measured against other forms of immunity that might be relevant, which we view as a separate inquiry. That analysis implicates whether the TCA's provisions pertaining to discretionary acts, *N.J.S.A.* 59:2–3a and 59:3–2a, might apply to limit or eliminate defendants' potential liability. The majority opinion below touches on such discretionary-act immunity, *see Aversano, supra,* 363 *N.J.Super.* at 284–85, 832 *A.*2d at 926, but that aspect of the opinion was not necessary to decide the discrete legal question whether unimproved-property immunity trumped all theories of liability asserted against defendants.

Nor did the trial court's written opinion explicitly address or discuss discretionary-act immunity under *N.J.S.A.* 59:2–3a or 59:3–2a. (Perhaps as a result, the parties' respective Appellate Division briefs make no specific mention of those provisions.) To the extent that an evaluation of that subject requires further development of undisputed facts or resolution of any material factual disputes, we believe that it initially should be reviewed at the trial court level. In remanding the matter to the trial court for that purpose, we suggest no ultimate outcome. Our decision not to affirm that part of the Appellate Division's opinion regarding *N.J.S.A.* 59:2–3a and 59:3–2a reflects a modification of the Appellate Division's judgment.

 Moreover, although the dissenter below briefly referred to the LLA, it was not, in our view, "the subject of the dissent." *Gilborges v. Wallace,* 78 *N.J.* 342, 349, 396 *A.*2d 338, 341 (1978). Thus, the immunity established by the LLA is not before us. *See R.* 2:2–1(a)(2). As a result, the conclusion of the Appellate Division majority in respect of the LLA is the law of the case but not a determination of this Court. Nor does our disposition preclude either the trial court as a matter of law or a jury, if appropriate, from determining the applicability of immunities found in statutes other than the TCA and LLA. In preserving such questions, we imply no answer to them, consistent with our observation concern-

ing discretionary-act immunity described in *N.J.S.A.* 59:2–3a and 59:3–2a.

As modified, the judgment of the Appellate Division is affirmed. The matter is remanded to the trial court for further proceedings consistent with this opinion. We do not retain jurisdiction.

*For affirmance as modified/remanded*—Chief Justice PORITZ and Justices LONG, VERNIERO, LaVECCHIA, ZAZZALI, ALBIN and WALLACE—7.

*Opposed*—None.